IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 96-60607

————

CARLA LARRY,

Plaintiff-Appellant,

versus

MARY GRICE AND THE NORTH MISSISSIPPI MEDICAL CENTER,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
(1:95-CV-336-D-D)

————————————————

August 5, 1998

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Carla Larry appeals the summary judgment granted to defendants on her claims of sexual harassment, retaliation, and constructive discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and the district court's failure to exercise supplemental jurisdiction over state law claims brought in the same suit. For the reasons set forth below, we AFFIRM in part and VACATE and REMAND in part.

———————————————

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

We begin by noting that Larry concedes that defendant Grice cannot be held liable as an individual under Title VII, *see Grant v. Lone Star Co.,* 21 F.3d 649 (5th Cir. 1994). Accordingly, we affirm the summary judgment on all claims with respect to Grice.

## I.

The district court granted summary judgment to defendants on the ground that, under controlling Fifth Circuit case law, same-sex sexual harassment was not actionable under Title VII. That case law has since been overruled by the Supreme Court, which made clear in *Oncale v. Sundowner Offshore Servs., Inc.,* 118 S.Ct. 998 (1998), that Title VII does provide protection from same-sex sexual harassment. Thus, the summary judgment against Larry on the sexual harassment claim cannot be affirmed on the ground relied upon by the district court.

In a footnote in its appellate brief, NMMC asserts that even if Larry has a cognizable claim against NMMC--as it is now clear that she does--that claim should not survive summary judgment because Larry did not establish a genuine issue as to whether NMMC took prompt remedial action when it received notice of the alleged harassment. There is no indication in the record, however, that this argument was ever raised in support of summary judgment in the court below. Although a grant of summary judgment may at times be affirmed on alternate grounds, the grounds relied upon "must at least have been proposed or asserted in [the lower] court by the movant." *Johnson v. Sawyer,* 120 F.3d 1307, 1316 (5th Cir. 1997) (citations omitted). Thus, we must remand so that the district court can consider the issue. In so doing, we note that on the record before us it is undisputed that NMMC investigated Larry's complaint within a couple of days of her going to her supervisor on February 9, 1995, and that NMMC then warned Grice that she would be terminated if any further complaints

2

about her were made.  Larry does not claim that Grice harassed her between the time she reported the problem to her supervisor and when she resigned later that month.  If NMMC did not have notice of the alleged problem before February 9, 1995, and took prompt remedial action at that time, then it is entitled to summary judgment on the harassment claim.[2]

## II.

Larry also contends on appeal that the district court erred in dismissing her retaliation and constructive discharge claims.  She argues first that the district court erred in entertaining the summary judgment motion on the retaliation and constructive discharge issues before allowing discovery.  Apparently Larry consented to a stay of discovery pending the outcome of the summary judgment motion with respect to the question of whether there could be liability for same-sex harassment, but she requested that summary judgment on all other issues be denied as premature. The district court denied this request on the ground that no additional discovery would affect the outcome of the summary judgment motion.

Parties are entitled to adequate discovery. *See Gunaca v. State of Texas,* 65 F.3d 467, 469 (5th Cir. 1995) (noting that adequate time for discovery is required by Federal Rule of Civil Procedure 56).  However, as the district court noted, quoting *Cormier v. Pennzoil,* 969 F.2d 1559,

---

[2] We note that the district court found that: "NMMC took prompt effective steps to stop the plaintiff's alleged harassment as soon as Larry notified her supervisors.  Although Grice was not transferred out of Larry's work area, the court is of the opinion that NMMC's actions of reprimanding Grice were sufficient under the circumstances and reasonably calculated to end the alleged harassment."  The reason we do not affirm the summary judgment on this basis is that the district court did not make this finding in the context of deciding whether to grant summary judgment on the harassment claim (it came up in the court's discussion of Larry's constructive discharge claim) and, more importantly, there is no indication in the record that Larry had an opportunity to address this question.  On remand, NMMC is free to make a new summary judgment motion so that the district court can consider the issue fully in light of the arguments of both parties.

1561 (5th Cir. 1992), a "plaintiff's entitlement to discovery prior to a ruling on a summary judgment motion may be cut off when, within the trial court's discretion, the record indicates that further discovery will not likely produce facts necessary to defeat the motion." Here, the district court was within its discretion in cutting off discovery given that for purposes of the summary judgment motion the defendants did not contest the facts as alleged in Larry's complaint, and that Larry offered no indication of what information could be gained through additional discovery that would create a genuine issue of material fact. *See Williams v. Phillips Petroleum Co.,* 23 F.3d 930, 937-38 (5th Cir. 1994).[3]

Larry argues that, even without additional discovery, she has presented evidence sufficient to create genuine issues with respect to her retaliation and constructive discharge claims and that summary judgment on these claims was therefore improper. We disagree.

Under Title VII, the elements of a prima facie case of retaliation are: (1) the claimant engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse employment action. *See Long v. Eastfield College,* 88 F.3d 300, 304 (5th Cir. 1996). As the district court below found, two of the three retaliatory acts alleged by Larry fail as a matter of law to constitute adverse employment actions. Neither the write-up Larry received on the day she submitted her resignation, nor her continued assignment to a position in which she had to work with Grice,[4] involved the sort of "ultimate

---

[3] Of course, whether or not to reopen discovery on the harassment claim on remand is within the district court's discretion--as defined by the parameters noted in the text.

[4] Larry does not allege that any requests by her for transfer were denied for retaliatory reasons, only that a vice president of NMMC failed to provide her assistance in transferring after promising that he would.

4

employment decisions" that are required to establish the adverse-employment-action element of a retaliation claim. *See Dollis v. Rubin,* 77 F.3d 777, 781-82 (5th Cir. 1995).

In contrast, the third retaliatory act alleged by Larry--the denial of a request for a leave of absence--does not fail as a matter of law to state an adverse employment action. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 707 (5th Cir. 1997), *cert. denied,* 118 S. Ct. 336 (1997) (citing *Dollis,* 77 F.3d at 781-82, for view that decisions about granting leave can be adverse employment actions). We do not agree with the district court that the fact that Larry had submitted her resignation prior to requesting a leave of absence precluded the possibility that the denial of the request was retaliatory. Employees' rights to protection from retaliation do not end simply because their employment does. *See Robinson v. Shell Oil Co.,* 117 S. Ct. 843 (1997).[5] We find, nonetheless, that summary judgment on the retaliation claim was proper because Larry failed to meet her burden with respect to the causation element of the claim.

---

[5] At oral argument, NMMC cited *Mattern* for the proposition that adverse employment actions cannot be taken against an employee who has resigned. Counsel quoted the portion of the opinion that says: "absent an ultimate employment decision prior to her resignation, there can be no adverse employment action." 104 F.3d at 709. This statement came in the context of the court explaining why employment actions that might eventually have led to termination, but did not do so because the employee's resignation pre-empted that ultimate employment decision, were not adverse employment actions under Title VII. The sentence preceding the one quoted said: "She preempted *a* possible ultimate employment decision--she resigned." *Id.* (emphasis added). Given this context, we understand the court to have been saying that a retaliatory termination cannot occur after a resignation. To the extent *Mattern* said that no adverse employment action can occur following a resignation, that assertion was dicta that was in conflict with our previous case law, *see Payne v. McLemore's Wholesale & Retail Stores,* 654 F.2d 1130 (5th Cir. 1981) (holding an employer liable for retaliation against a former employee who participated in activities protected by Title VII where the retaliation took the form of failure to rehire). More importantly, regardless of these interpretive considerations, to the extent *Mattern* said no adverse employment action can occur following a resignation, that position was overridden by the Supreme Court's decision in *Robinson,* 117 S. Ct. 843, which was decided a month later.

5

In general, a party moving for summary judgment "does not need to negate the elements of claims on which the nonmoving parties would bear the burden of proof at trial. The movant's burden is only [to] point out the absence of evidence supporting the nonmoving party's case." *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996) (internal quotation marks and citations omitted; brackets in original). *McDonnell Douglas Corp. v. Green,* 93 S. Ct. 1817 (1973), and its progeny have elaborated particular burden-shifting rules that apply in Title VII cases. Even under these rules, however, the ultimate burden on the claimant in a retaliation case is to show that 'but for' the protected activity she would not have been subject to the adverse employment action. *See McMillan v. Rust College, Inc.,* 710 F.2d 1112, 1116 (5th Cir.1983) (recognizing that the burden-shifting rules of *McDonnell Douglas* apply to retaliation claims under Title VII, but stating that "[w]hen, however, the essential facts asserted by each of the parties are not in dispute, the final shifting to the plaintiff may be expressed more appropriately as one of showing that 'but for' the protected activity, the [adverse employment action] would not have occurred"); *cf. Stults,* 76 F.3d at 657 (upholding a summary judgment in favor of an employer on an Age Discrimination in Employment Act claim and stating: "The plaintiff at all times retains the burden of persuading the trier of fact that impermissible discrimination motivated the adverse employment decision. Therefore, to overcome a properly supported motion for summary judgment, the plaintiff must produce sufficient evidence to create a genuine issue of material fact on this ultimate question."). Here, Larry has not alleged facts that could support a finding that but for her harassment complaint she would have been granted a leave of absence. Her own evidence indicates that NMMC told her that her request for a leave of absence was denied because she had turned in her resignation. The only evidence advanced by Larry to contradict this account was her testimony that at her exit interview a personnel employee told her that

6

it was possible for NMMC to grant her a leave of absence. But a retaliation claim requires more than a showing that an employer could have offered the employee a beneficial option and did not do so. In the absence of any evidence that the decision not to grant a leave was prompted by retaliatory motives, a factfinder, as a matter of law, could not conclude that Larry had supported her burden on the causation element of her claim. *See Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086 (5th Cir. 1995).[6] Accordingly, we affirm the summary judgment in favor of NMMC on the retaliation claim.

With respect to the grant of summary judgment in favor of the NMMC on the constructive discharge claim, we affirm for essentially the reasons put forth by the district court. Finally, we decline to revisit the district court's decision to deny supplemental jurisdiction. Because the state claims were dismissed without prejudice, on remand Larry is free to reintroduce a motion for supplemental jurisdiction over those claims.

The judgment is AFFIRMED in part and VACATED and REMANDED in part for further proceedings not inconsistent with this opinion.[7]

---

[6] Put another way, Larry failed, for summary judgment purposes, to present evidence that could overcome the legitimate nondiscriminatory reason for the denial of leave that was apparent from Larry's own evidence, *i.e.,* that it was denied because she had submitted her resignation. While, as noted above, a denial of a leave of absence can be an adverse employment action and resignation does not foreclose the possibility of unlawful retaliation, it will be more difficult to infer retaliatory motives in cases involving such actions than in more typical retaliation cases. *See McDonnell Douglas,* 93 S. Ct. at 1824 n.13 (noting that the requirements of a prima facie case vary depending on the situation). Summary judgment is appropriate where, as here, in light of the plaintiff's own account of events, a factfinder could not reasonably conclude that the protected activity caused an adverse employment action.

[7] We note that NMMC had filed a motion for damages and double costs in this case, pursuant to Federal Rule of Appellate Procedure 38, but has withdrawn that motion in light of the decision in *Oncale*. We accept the withdrawal of the motion.